## BOHBRINK v. MALONE.

(Circuit Court of Appeals, Seventh Circuit. May 28, 1926. Rehearing Denied September 18, 1926.)

No. 3674.

1. Automobiles ⬮221—Wife of driver of car, struck while standing at its side by overtaking car, held not responsible, relative to contributory negligence for stopping of car without lights.

Plaintiff, struck by overtaking car while standing at night, waving flash light, on road beside car driven by her husband, which he was repairing after it had gone dead and had stopped, without lights, with half of width on pavement, held not responsible for such stopping, relative to contributory negligence.

2. Automobiles ⬮245(77)—Whether wife of driver of car, stopped without lights for repairs, was guilty of contributory negligence in not getting out of way of overtaking car, held for jury.

Whether wife of driver of car, stopped, at night, without lights, with half of width on pavement, when it went dead, who during repairs stood beside car waving flash light, was guilty of contributory negligence in failing to step out of way of overtaking car, held under circumstances question for jury.

In Error to the District Court of the United States for the Eastern District of Illinois.

Action by Effie Malone against Herman W. Bohbrink. Judgment for plaintiff, and defendant brings error. Affirmed.

Adlai H. Rust, of Bloomington, Ill., and Rudolph J. Kramer, of East St. Louis, Ill., for plaintiff in error.

Dan McGlynn, of East St. Louis, Ill., for defendant in error.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. So far as is necessary for the consideration of the only question raised in this case, the undisputed facts are as follows:

On October 6, 1924, defendant in error, with her husband and four other persons, was traveling in a Ford car over route No. 15 of the highway system of Illinois. The general direction of this highway is east and west, but at the point where the accident happened it runs north and south. The concrete portion of the highway is 18 feet wide, and at the point in question there was ample space on either side of the concrete surface to safely run and stand a car for the purpose of repairs. While the car was moving north about 10 o'clock at night, the driver noticed that the engine was not operating properly. To use his own language, "the coil began to sing" and the car "went dead and stopped." He drove it off the pavement "as far as he could run it before it stopped." This left the car standing about 1½ to 2 feet over the east edge of the pavement, or about one half on the paved part and the other half on the shoulder or dirt portion of the road. The defendant in error got out on the right side of the car, and one of the passengers held a flash light for the driver to fix the coil. The driver asked his wife, defendant in error, to come around on the west or pavement side of the car and hold the flash light for him, which she did. The car was of an old type, and when the engine went dead the lights went out. Defendant in error stood on the pavement side of the car with her left foot on the running board and her right foot on the pavement. Her husband was in the car working on the coil. While they were in this position, she heard and saw the car of plaintiff in error approaching from the south. As it approached, defendant in error waved the flash light to stop or warn the driver of it, but plaintiff in error, not seeing the signal, came on, his car struck the right leg of defendant in error and she was seriously injured. The Ford car was not touched.

The declaration charged that the plaintiff in error so carelessly, negligently, and improperly drove his car that he ran into and struck defendant in error while she was using due care for her own safety. Plaintiff in er-

ror pleaded contributory negligence, alleging that defendant in error did not use care for her own safety. The case was tried by a jury, At the close of all the evidence plaintiff in error requested the court to instruct the jury to find him not guilty. Refusal to so instruct is the sole error insisted upon, and upon this it is urged that upon the undisputed facts defendant in error was so clearly guilty of negligence contributing to her injury that she cannot recover.

[1, 2] Two grounds for the contention are urged: (a) That it was negligence to stop the car upon the highway without any lights; and (b) that defendant in error, after she saw the car of plaintiff in error approaching, could easily have stepped around the front of the Ford into a place of safety, and her failure to do so was such negligence on her part as to preclude a recovery. The stopping of the car on the highway without lights was not the act of defendant in error, and she did what she could to overcome this failure by waving the flash light when the other car was approaching. The case comes to this: May we say as a matter of law that defendant in error was guilty of negligence or failed to use due care for her own safety in failing to step aside out of the way of the approaching car, or was this question properly left to the jury?

In Grand Trunk v. Ives, 144 U. S. 408, 12 S. Ct. 679, 36 L. Ed. 485, the Supreme Court said:

"There is no fixed standard in the law by which a court is enabled to arbitrarily say in every case what conduct shall be considered reasonable and prudent, and what shall constitute ordinary care, under any and all circumstances. The terms 'ordinary care,' 'reasonable prudence,' and such like terms, as applied to the conduct and affairs of men, have a relative significance, and cannot be arbitrarily defined. What may be deemed ordinary care in one case, may, under different surroundings and circumstances, be gross negligence. The policy of the law has relegated the determination of such questions to the jury, under proper instructions from the court. It is their province to note the special circumstances and surroundings of each particular case, and then say whether the conduct of the parties in that case was such as would be expected of reasonable, prudent men, under a similar state of affairs. When a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury. It is only where the facts are such that all reasonable men must draw the same conclusion from them,

that the question of negligence is ever considered as one of law for the court."

See, also, Texas & Pacific Ry. Co. v. Gentry, 163 U. S. 353, on page 368, 16 S. Ct. 1104, 41 L. Ed. 186.

There was evidence in the case as to whether the night was light or dark, as to the distance the lights on the car of plaintiff in error lighted the road ahead of him, and of other attendant circumstances. There was ample room for plaintiff in error to pass safely and still stay well over on his side of the paved roadway. It was the duty of the jury to note the special circumstances and surroundings as they appeared to defendant in error, and then say whether, in the light of all of them, she acted as an ordinarily prudent person would act in a similar state of affairs. We cannot say that all reasonable men would draw the same conclusion as to the conduct of defendant in error under the circumstances shown.

The judgment is affirmed.